NANCY L. KAAUKAI *v.* JULIA M. ANAHU, WM. K. ANAHU AND ELEANOR EN LOY AMANA.

No. 1768.

SUBMITTED NOVEMBER 2, 1927.          DECIDED NOVEMBER 15, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from a decree ordering the cancellation of two instruments in writing purporting to convey title to land. On the 19th day of June, 1925, the petitioner, Nancy L. Kaaukai, by written power of attorney, authorized Julia M. Anahu, one of the respondents, to "grant, bargain and sell" in behalf of the former any land in the Territory of Hawaii belonging to her or in which she might have an interest. On February 12, 1926,

Julia M. Anahu, without the knowledge or consent of her principal and assuming to act under her power of attorney, executed in behalf of Nancy L. Kaaukai an instrument in writing purporting on its face to be a deed of conveyance, by which she attempted to convey to Eleanor En Loy Amana, one of the respondents, for a recited consideration of $500, certain described lands belonging to the said Nancy L. Kaaukai; on the same day Eleanor En Loy Amana, by an instrument in writing purporting to be a deed of conveyance, for a recited consideration of $500, conveyed the same to William K. Anahu, the third respondent. William is the husband of Julia M. Anahu. It is conceded that neither the $500 recited in the first deed as the consideration for the conveyance to Eleanor En Loy Amana nor any part of it was paid by Eleanor or any one in her behalf. It is likewise conceded that no consideration was paid by William K. Anahu for the conveyance to him. Under these circumstances, if these instruments are to be considered as deeds of conveyance they are absolutely void for the obvious reason that the authorization from Mrs. Kaaukai to Mrs. Anahu to sell her lands conferred no authority to give them away. This is not denied.

It is contended, however, by the respondents that these instruments, purporting to be deeds, were never intended by them as deeds but merely as a mortgage and were executed for the purpose of securing an indebtedness which Mrs. Kaaukai owed Mrs. Anahu. This contention is set up by way of cross bill, the prayer of which is that the two instruments be declared to be a mortgage in favor of the respondent, Julia M. Anahu to secure whatever amount the court might ascertain the petitioner owed Mrs. Anahu. This appears to be the theory upon which the case was tried and decided in the court below. These written instruments, however, had no more validity as

a mortgage than they had as deeds. Mrs. Anahu was only authorized by the power of attorney which she held to *"grant, bargain and sell"* the lands of her principal. This did not include the power to mortgage the lands and without this power the instruments which she executed on behalf of her principal were in and of themselves ineffectual as a mortgage. Without denying this the respondents nevertheless claim that subsequent to the execution of these instruments Mrs. Kaaukai was informed of the circumstances under which and the purpose for which they had been executed and that she orally ratified and confirmed what had been done. Mrs. Kaaukai denied this and the circuit judge decided that her denial was sustained by the evidence.

The burden of proving ratification was of course on the respondents. Laying aside the question whether parol evidence was admissible for the purpose of proving ratification we have no hesitation, after a careful examination of the transcript, in saying that the testimony amply supports the contention of the petitioner that she never ratified the execution of the two instruments in question, whether they be considered as deeds or as a mortgage. The testimony on this subject was conflicting. The witnesses, however, were before the circuit judge. He saw them and heard them testify. He was in a position to weigh their evidence and determine their credibility. His conclusion, therefore, is entitled to great weight and we think it should not be disturbed.

Finally it is contended by the respondents that even though the two instruments are invalid for any purpose and therefore properly canceled the respondent Julia M. Anahu was entitled in this proceeding to a judgment for whatever amount is due her by the petitioner and that the circuit judge erred in refusing to grant her this relief. We know of no authority for this contention. It is true,

as a general rule, that a court of equity having once acquired jurisdiction will retain it for the purpose of settling the entire controversy between the parties. This rule, however, is subject to well established exceptions. One of these exceptions is that the exercise of this power to settle the entire controversy "is confined to the determination of rights dependent upon, or at least germane to, the subject matter and main purpose of the bill. Jurisdiction will not be retained to adjust independent controversies between the parties, or controversies beyond the scope of that raised by the bill." 21 C. J., p. 148, § 127.

If the respondents' contention that the written instruments were in fact a valid mortgage had been sustained it would have been not only proper but necessary to determine the amount of the indebtedness that was secured by the mortgage. A contrary conclusion, however, having been reached and the instruments ordered canceled the indebtedness of the petitioner to the respondent Mrs. Julia M. Anahu became entirely immaterial.

The decree appealed from is affirmed.

*Heen & Godbold* for petitioner.

*C. B. Dwight* for respondents.